IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DWYER MCCULLOUGH, TDCJ #645881, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3974 |
| NATHANIEL QUARTERMAN, *et al.*, | § § § | |
| Defendants. | § | |

# ORDER

State inmate Michael Dwyer McCullough has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights. His claims stem from a use of force that allegedly occurred on or about July 11, 2006, at the Wynne Unit in Huntsville, Texas. The Court has requested an answer from the defendants, but the answer is not yet due. Pending before the Court is a motion for a temporary restraining order or preliminary injunction. (Doc. # 20). The motion is denied for reasons that follow.

McCullough claims that he is being retaliated against because of his pending lawsuit and he seeks a temporary restraining order or preliminary injunction. McCullough's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. Under Rule 65(a)(1), no preliminary injunction may be issued unless the adverse party has notice. *See Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992). A temporary restraining order may be granted without notice only if the requesting

party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. *See* FED. R. CIV. P. 65(b). Furthermore, the requesting party must give security in the amount the court deems proper, unless the party is the United States or one of its officers or agencies. *See* FED. R. CIV. P. 65(c).

McCullough's motion contains a certificate of service, but it is not clear that he has provided the defendants with the requisite notice. In that regard, McCullough is no longer in custody at the Wynne Unit, where the incident that forms the basis of his complaint allegedly occurred and where most of the defendants are employed. It is further apparent from the motion that none of the named defendants are involved in the conduct from which the plaintiff seeks injunctive relief. Moreover, it is not clear that plaintiff has met the other requirements for injunctive relief.

"To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that a preliminary injunction "should

not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

In his pending motion for injunctive relief, McCullough alleges that he has been subjected to acts of retaliation and harassment as a result of this lawsuit. In particular, McCullough complains of lost items of property and a dispute with the medical department over whether he may have more than one fan in his cell. The allegations do not concern any of the named defendants and are not clearly retaliatory. In that respect, McCullough presents no more than his own personal belief that retaliation is the reason for the alleged mistreatment. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997). Likewise, McCullough does not present any direct evidence of retaliatory motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Moreover, the mistreatment alleged by McCullough in his present motion appears to have occurred, if at all, at the Michael Unit in Beaumont, where McCullough is now assigned. With the exception of TDCJ Director Nathaniel Quarterman and R.W. Lee of the Inspector General's Office, all of the defendants in his pending lawsuit are employed at the Wynne Unit in Huntsville. To the extent that McCullough now complains about events that have allegedly occurred at the Michael Unit, this Court does not have jurisdiction over that facility, which is located within the United States District Court for the Eastern District of

Texas, Beaumont Division. McCullough may not circumvent the Prison Litigation Reform Act (the "PLRA") by attempting to include extraneous allegations of mistreatment in this pending lawsuit. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

After careful consideration of the pleadings and the motion, the Court concludes that McCullough has not clearly carried his burden of persuasion on the first element required for preliminary injunctive relief because questions of law and fact create sufficient doubt regarding the probability of his success on the merits. Therefore, it is **ORDERED** that his motion for a preliminary injunction (Doc. # 20) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on July 2nd, 2007.

Nancy F. Atlas
United States District Judge