IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DWYER MCCULLOUGH, | § | |
| TDCJ #645881, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3974 |
| | § | |
| NATHANIEL QUARTERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

State inmate Michael Dwyer McCullough has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights. His claims stem from an incident that allegedly occurred on or about July 11, 2006, at the Wynne Unit in Huntsville, Texas. The plaintiff has filed a motion for leave to file an amended complaint and a motion for instructions about obtaining discovery. (Docs. # 31, # 32). The defendants have filed a motion for a more definite statement of the plaintiff's claims. (Doc. # 33). These motions are addressed separately below, beginning with the defendants' motion for a more definite statement.

### Defendants' Motion for a More Definite Statement

McCullough's complaint stems from an altercation with correctional officers that allegedly occurred on or about July 11, 2006, at the Wynne Unit in Huntsville, Texas, where McCullough was formerly assigned. McCullough sues the following individuals employed by TDCJ at the Wynne Unit facility: (1) Warden Thomas J. Prasifica; (2) Assistant Warden Robin R. Robinson; (3) Assistant Warden Lonny L. Johnson; (4) Officer Steven J. Spivey;

(5) Sergeant Louis E. Young; (6) Officer Vicky J. Turner; (7) Sergeant Kelvin D. Leigh; (8) Sergeant Bobby D. Rigsby; (9) Officer Pedro Maldonado; (10) Sergeant Adan E. Garcia; (11) Grievance Investigator Joanna Alford; (12) Captain Rob M. Kukua; and (13) Counsel Substitute Bart W. Bomhof.  McCullough also sues TDCJ Director Nathaniel Quarterman and R.W. Lee of the TDCJ Office of the Inspector General.

Liberally construed, McCullough's complaint concerns an alleged use of excessive force, violations of due process at a related disciplinary proceeding, and the concurrent denial of access to courts.  According to the pleadings, McCullough accuses Officer Spivey, Sergeant Young, and Officer Turner of using excessive force against him.  McCullough accuses Sergeant Leigh and Sergeant Rigsby of threatening him and verbally harassing him prior to the use of force.  McCullough complains that Director Quarterman, R.W. Lee, Warden Prasifica, Assistant Warden Robinson, and Assistant Warden Johnson failed to protect him from the use of force or to properly investigate his complaints.  McCullough complains that Grievance Investigator Alford failed to process all of his grievances properly. McCullough claims that Captain Kukua and Counsel Substitute Bomhof conspired with the other defendants to convict him of disciplinary charges in case #20060329967.  McCullough complains that he was denied access to all of his legal materials when placed in pre-hearing detention by Sergeant Garcia and Officer Maldonado, which in turn resulted in a denial of access to courts because he was prevented from filing a notice of appeal, among other pleadings, in a federal habeas corpus proceeding that had been dismissed as barred by the statute of limitations.  *McCullough v. Dretke*, Civil Action No. H-05-3033 (S.D. Tex.).

2

The Court authorized service on all of the above-referenced defendants, and each has supplied a timely answer.  (Doc. # 24).  The defendants have now filed a joint motion requesting a more definite statement of the plaintiff's claims.  (Doc. # 33).  The defendants complain that the plaintiff has not provided a more definite statement of his claims in compliance with a court order dated February 5, 2007.  (Doc. # 12).  The defendants are mistaken.  The plaintiff filed his response to the Court's order for a more definite statement on March 27, 2007, shortly before the Court granted him an extension of time to do so. (Doc. # 14).  To the extent that the defendants seek to compel the plaintiff's response to the Court's February 5, 2007 order, their motion is moot.

Raising the defense of qualified immunity, the defendants further ask the Court to order the plaintiff to supplement his pleadings under Rule 7(a) of the Federal Rules of Civil Procedure by providing specific facts in response to a series of questions about his claims. Because it is evident that the defendants have not received or reviewed a copy of the plaintiff's more definite statement, the defendants' motion for additional specific facts under Rule 7(a) will be denied at this time.[1]  The Court will reconsider the defendants' motion, however, if it is determined that the supplemental information provided in the plaintiff's more definite statement is not sufficient.

**Plaintiff's Motion for Leave to Amend**

---

[1] In an order dated April 26, 2007, the Court ordered the Clerk's Office to supply the Attorney General's Office with a copy of the plaintiff's more definite statement (Doc. # 14), which consists of twenty-seven single-spaced type-written pages.  (Doc. # 17).

The plaintiff has filed a motion for leave to amend the complaint to list other defendants needed for a just adjudication. (Doc. # 31). In the order granting him leave to proceed *in forma pauperis*, the Court advised the plaintiff that he could not amend or supplement his complaint without prior approval. (Doc. # 9, ¶ 7). The Court further advised the plaintiff that "[a] complete amended complaint" must be attached to any motion to amend. (*Id.*). The plaintiff has not submitted a complete version of his amended complaint along with his request for leave to amend. Moreover, the plaintiff has not included a certificate of service with his motion, showing that he has provided the defendants' counsel with a copy of his motion as instructed in a separate court order dated April 26, 2007. (Doc. # 17, ¶ 6).[2] Because the plaintiff has not complied with the Court's instructions, his motion for leave to amend is denied.

### Plaintiff's Motion Regarding Discovery

The plaintiff has filed a motion for instructions about how to obtain copies of his grievances and medical records. (Doc. # 32). The Court construes this motion as a request for discovery. As with his motion for leave to amend, the plaintiff has not attached a certificate of service showing that he has provided defendants' counsel with a copy of his discovery request. More importantly, the defendants have asserted the defense of qualified

---

[2]     The Court instructed that each party must serve the other with a copy of every pleading, motion, or other paper submitted for consideration by the Court. (Doc. # 17, ¶ 5). Further, the Court ordered that "[e]very pleading, motion, or other document shall include on the original a signed certificate stating the date a true and correct copy . . . was mailed and to whom it was mailed." (*Id.* at ¶ 6).

immunity, among other things, in response to the complaint.  Although the defendants have not yet filed a dispositive motion on this issue, their deadline to do so has not yet expired.

Public officials acting within the scope of their authority are shielded from civil liability by the doctrine of qualified immunity if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). In that regard, qualified immunity is an immunity from suit that extends beyond a defense to liability to include all aspects of civil litigation, including discovery.  *See Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).  Under these circumstances, a stay of discovery is appropriate until the threshold question of qualified immunity is resolved.  *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow*, 457 U.S. at 818).  Accordingly, to the extent that the plaintiff seeks leave to conduct discovery, his motion is denied at this time.

Based on the foregoing, the Court **ORDERS** as follows:

1.     The  defendants' motion for a more definite statement (Doc. # 33) is **DENIED** as **MOOT**.  The Clerk's Office will provide a copy of the plaintiff's more definite statement (Doc. # 14) to defendants' counsel of record.

2.     The defendants' motion for more specific facts under Rule 7(a) of the Federal Rules of Civil Procedure (Doc. # 33) is **DENIED**, at this time, subject to reconsideration upon the filing of an amended motion by the defendants.

3.     The defendants shall file any further motion for more specific facts under Rule 7(a), if necessary, within thirty (30) days of the date of this order.  Otherwise, if appropriate, the defendants shall file any dispositive motion on the issue of qualified immunity, preferably a motion for summary judgment, within sixty (60) days from the date of this order.  The plaintiff's response will be due within thirty (30) days from the date shown on the defendants' certificate of service.

4.     The plaintiff's motion for leave to amend his complaint (Doc. # 31) is **DENIED**.

5.     The plaintiff's motion for discovery (Doc. # 32) is **DENIED**.  Discovery is stayed in this case until after the Court issues a ruling on the defendants' entitlement to qualified immunity.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 11</u> , 2007.

Nancy F. Atlas
United States District Judge

6